

FILED
2023 Mar-21  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **CESAR ANGUIANO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **7:21-cv-01611-LSC** |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OF OPINION

### I.    Introduction

On August 8, 2022, Cesar Anguiano ("Anguiano" or "Plaintiff") filed with the Clerk of this Court a complaint against the Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc. 1.) Anguiano appeals the Commissioner's decision denying Anguiano's claim for a period of disability and disability insurance benefits ("DIB"). (Doc. 1; Doc. 15 at 1–3.) Anguiano timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Background

Anguiano has an eleventh-grade education and has previously worked as a surveyor's helper, appliance salesperson, garden center salesperson, yard salesperson for building supplies, and cleaner sanitizer. (Tr. at 53–55, 190.) He was 57 years old at the time of his application for a period of disability and DIB on March 4, 2020. (Tr. at 164–70.) Anguiano's application for benefits alleged a disability onset date of April 11, 2016, which he later amended to January 2, 2018. (Tr. at 34, 164–70.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for a period of disability and DIB. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of

the claimant's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the claimant was not disabled).

Similarly, the third step requires the evaluator to consider whether the claimant's impairment or combination of impairments meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the claimant has the RFC to perform the requirements of his past

relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the claimant's RFC, age, education, and work experience in order to determine whether the claimant can make an adjustment to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") first established that Plaintiff has not engaged in SGA since his alleged disability onset date. (Tr. at 12.) Next, the ALJ found that Plaintiff's degenerative disc disease and obesity qualify as "severe impairments." (Tr. at 12–13.) However, the ALJ also found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 14.) Following this determination, the ALJ established that Plaintiff has the following RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except the claimant can never climb ladders, ropes, or scaffolds but can

frequently climb ramps and stairs, balance, crouch, and kneel. The claimant can occasionally stoop and crawl. The claimant must avoid concentrated exposure to temperature extremes, to wetness, to humidity, and to vibration. The claimant can never work with dangerous, moving machinery or at unprotected heights and must avoid commercial driving.

(Tr. at 14.)

Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff is unable to perform any of his past relevant work based on his age, education, work experience, and RFC. (Tr. at 16–17.) The ALJ also established that Plaintiff was an "individual of advanced age" at 53 years old on his original alleged disability onset date and has a limited education as those terms are defined by the regulations. (Tr. at 17.) However, the ALJ also concluded that the transferability of job skills "is not material to the determination of disability [in this case] because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. at 17.)

Considering Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, the ALJ determined that Plaintiff is capable of performing jobs that exist in significant numbers within the national economy, such as hand packager, food service hospital worker, and laundry attendant. (Tr. at 17–18.) From these findings, the ALJ concluded the five-step

evaluation process by stating that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from April 11, 2016," Plaintiff's original alleged disability onset date, through January 20, 2021, the date of the ALJ's decision. (Tr. at 18.)

### III. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided that those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *See Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## IV. Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded because 1) the ALJ did not address all of Plaintiff's impairments in her analysis under step two of the sequential evaluation process and 2) the ALJ did not incorporate Plaintiff's non-exertional limitations and alleged need for a cane into her

determination of Plaintiff's RFC. (Doc. 15 at 2–3.)

### a. Severe and Non-Severe Impairments

To be found disabled, Plaintiff had to demonstrate that he was unable to engage in any SGA by reason of a medically determinable physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. At step two, the ALJ had to determine whether Plaintiff had a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. *Id.* An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling(s) ("SSR"s) 85-28. The burden of showing that an impairment or combination of impairments is "severe" rested at all times with Anguiano, as the claimant. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff bore the burden of proving that he had a severe impairment, he thus had the burden of

establishing the prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty*, 245 F.3d at 1280.

The record must include evidence from acceptable medical sources to establish the existence of a medically determinable impairment. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1513(a), 416.913(a) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical . . . findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities."); *see also* 20 C.F.R. §§ 404.1502, 416.902 (defining symptoms, signs, and laboratory findings).

Plaintiff argues that the ALJ erred by failing to explicitly include Plaintiff's radiculopathy in her list of Plaintiff's severe impairments at step two of the sequential evaluation process. (Doc. 15 at 3–4.) In each of the cases on which Plaintiff relies (*see* doc. 15 at 4–5), the ALJ found that the claimant suffered from *no* severe impairment and thus concluded the analysis with a finding of "not disabled." *See Stratton v. Bowen*, 827 F.2d 1447, 1453 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1182 (11th Cir. 1986); *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985); *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984). Step two, however, merely "acts

as a filter." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). If the ALJ finds *any* severe impairment, she need not list *every* severe impairment. *Id.* ("[T]he finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two."); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment.") (citing *Jamison*, 814 F.2d at 588); *Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 514 (11th Cir. 2017) (finding that "the ALJ did not err by failing to explicitly identify [the claimant's] chronic mastoiditis when considering whether his 'medical condition as a whole' qualified as or was medically equivalent to a listed impairment") (citing *Jamison*, 814 F.2d at 588). Here, the ALJ found that Plaintiff's degenerative disc disease and obesity qualified as severe impairments. (Tr. at 12–13.) Consequently, the ALJ did not err at step two merely by omitting Plaintiff's alleged radiculopathy from the list of his severe impairments.

Moreover, the ALJ considered all of Plaintiff's impairments, both severe and non-severe, throughout the remainder of her analysis. At step three, the ALJ found that none of Plaintiff's impairments or combination of impairments met or medically

equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 5.) At step four, the ALJ discussed Plaintiff's history of lumbar problems extensively, specifically noting, *inter alia*, his lower back pain, the two surgeries Plaintiff had on his lower back, nerve damage in his lower back and right leg, and his "moderate broad-based disc protrusion." (Tr. at 15.) The ALJ's analysis in step four (tr. at 14–17) makes evident that she properly accounted for Plaintiff's radiculopathy in concluding that Plaintiff did not have a listed impairment.[1]

Any error by the ALJ in omitting Plaintiff's radiculopathy from the list of Plaintiff's severe impairments was harmless in light of the fact that she found other severe impairments, proceeded to step three, and considered all of Plaintiff's impairments in determining whether Plaintiff had a listed impairment. *See Vangile*, 695 F. App'x at 514 (finding that "any step two error the ALJ may have committed by failing to explicitly mention [the claimant's] chronic mastoiditis was harmless because she found two other severe impairments," proceeded to step three of the analysis, and considered *all* of the claimant's impairments — including the one omitted at step two — in determining that the claimant did not have a "combination of impairments" that met or was medically equal in severity to one of the listed

---

[1] *See Vangile*, 695 F. App'x at 514 (stating that "it [was] clear the ALJ considered all of [the claimant's] impairments" at step three because, "although the ALJ did not explicitly mention [the claimant's] chronic mastoiditis at step three, she did note [he] 'had alleged disability because of chronic mastoiditis' at step four of her analysis").

impairments).

### b. RFC

Plaintiff alleges that the ALJ did not support her finding of Plaintiff's RFC with substantial evidence. (Doc. 15 at 9–11.) Specifically, Plaintiff contends that the ALJ accounted for neither Plaintiff's subjective complaints of plain nor his use of a cane. (*Id.*)

A claimant's RFC reflects his ability to perform "work-related physical and mental activities in a work setting" within a forty-hour work week in light of his "functional limitations and restrictions that result from [a] medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1 (emphasis in original). The ALJ bases a claimant's RFC on all of the evidence in the record, including information about the claimant's symptoms and medical opinions. *Id.* at *2. Moreover, the determination of a claimant's RFC lies within the sole purview of the ALJ, not the doctors providing medical opinions or other evidence. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] and ability to work is within the province of the ALJ,

not of doctors."); *Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 743 (11th Cir. 2008) ("While statements from treating physicians regarding the level of work a claimant can perform are important, they are not determinative because the ALJ has the ultimate responsibility to assess a claimant's [RFC].").

The claimant always bears the burden of proving disability. 20 C.F.R. §§ 404.1512(a), 416.912(a); *e.g.*, *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) ("The person applying for disability must prove that [he] is disabled.") (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). A claimant's subjective complaints of pain or other symptoms will not suffice to demonstrate a disability. 20 C.F.R. §§ 404.1529, 416.929. Rather, a claimant must also present objective medical evidence establishing a medically determinable impairment or combination of impairments that one would reasonably expect to produce the pain or other symptoms that the claimant alleges. *Id.*

"When the medical signs or laboratory findings show that [a claimant] ha[s] a medically determinable impairment(s) that could reasonably be expected to produce [his] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [she] can determine how [the claimant's] symptoms limit [his] capacity for work . . . In evaluating the intensity and persistence of [the claimant's] symptoms, [the ALJ] consider[s] all of the available

evidence from [the claimant's] medical sources and nonmedical sources about how [his] symptoms affect [him]." *Id.* §§ 404.1529(c)(1), 416.929(c)(1); SSR 96-8p, 1996 WL 374184, at *7. The ALJ will determine that a claimant's symptoms, including pain, affect his ability to perform work-related activities only to the extent that the ALJ can reasonably accept that the claimant's alleged functional limitations and restrictions resulting from the symptoms are consistent with the objective medical evidence and other evidence in the record. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). If a claimant's medically determinable impairments do not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1,[2] the ALJ will consider the impairments and any related symptoms in determining the claimant's RFC. 20 C.F.R. §§ 404.1529(d)(4), 416.920(d)(4).

Substantial evidence supports the ALJ's determination of Plaintiff's RFC. First, the ALJ properly accounted for Plaintiff's subjective complaints of pain. (*See* tr. at 15.) Regarding Plaintiff's obesity, the ALJ "note[d] that no physician ha[d] attributed any additional limitations to [Plaintiff] based on his obesity but also acknowledge[d] that obesity can exacerbate subjective complaints of pain and [took] this into consideration when limiting [Plaintiff] to less than the full range of medium exertional work." (Tr. at 15.) Furthermore, the ALJ stated that Plaintiff continued

---

[2] 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

to complain of back pain following his two lumbar surgeries but that "he has not required further follow up with the orthopedist." (*Id.*) The ALJ also considered Plaintiff's "daily activities and any other factors concerning [Plaintiff's] functional limitations and restrictions due to pain" in determining his RFC. (Tr. at 16.) In doing so, the ALJ noted that Plaintiff "is independent in his personal care and hygiene but has difficulty tying his shoes at times," concluding that Plaintiff's daily activities were "consistent with a reduced range of medium exertional work." (*Id.*) The ALJ's analysis of Plaintiff's functional limitations evinces her thorough consideration of Plaintiff's subjective complaints of pain and the resulting effect on his ability to perform work-related activities.

Likewise, Plaintiff's argument that the ALJ erred by not finding that Plaintiff medically requires a cane also fails. Plaintiff's use of a cane does not, by itself, demonstrate a medical necessity for a cane. Notably, the only "prescription" for a cane to which Plaintiff points merely remarks in Plaintiff's "plan" that Plaintiff "will get [a] cane" but neither indicates that a cane was medically necessary nor that the physician actually prescribed one. (*See* tr. at 364.) Additionally, while Plaintiff correctly notes that his treating sources often described his gait as limping or antalgic and documented his continued use of a cane, none of the sources state that Plaintiff requires a cane. (*See, e.g.*, tr. at 279, 288, 338, 382.) In fact, in exam notes from visits

on February 22, 2018, and January 10, 2019, Plaintiff's treating orthopedist stated that Plaintiff "ambulate[d] unassisted" on both occasions and that Plaintiff's "[g]ait and station [were] normal" during the January visit. (Tr. at 347, 373.)

Furthermore, the ALJ supported her determination of Plaintiff's RFC with substantial evidence. The ALJ cited the opinions of Dr. Krishna Reddy and Dr. Gloria Sellman, the state agency medical consultants, and found their opinions persuasive and consistent with the evidentiary record. (Tr. at 16; *see also* tr. at 88, 101–02.) Relying on their evaluations, the ALJ referred to Plaintiff's continued part-time work at Lowe's for twenty hours per week despite his self-reported need for a cane, his inability to name the prescribing doctor for his cane, and his treating orthopedist "recommending no further therapies or interventions for his impairments." (Tr. at 16.) The ALJ also noted that Plaintiff "has had a normal gait and station on examination." (*Id.*) The opinions on which the ALJ relied, which also took into consideration Plaintiff's other medical sources (*see id.*), constitute substantial evidence for the ALJ's decision regarding Plaintiff's alleged need for a cane. Consequently, the ALJ did not err in her determination of Plaintiff's RFC.

V.  **Conclusion**

Upon review of the administrative record, and considering Plaintiff's argument, this Court finds the Commissioner's decision is supported by substantial

evidence and in accordance with the applicable law. For the foregoing reasons, this Court hereby AFFIRMS the Commissioner's decision. A separate Order consistent with this Opinion (doc. 18) will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON MARCH 21, 2023.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913